UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEIFEI GU,

                Plaintiff,

-against-

VINCENT JAMES DIDONATO III, et al.,

                Defendants.

24-CV-5287 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Feifei Gu, of Brooklyn, New York, filed this *pro se* action asserting claims arising out of his state court proceedings in New York County and Kings County. Because Plaintiff brings claims against individuals employed by the New York State Unified Court System, the Court construes these claims as brought under 42 U.S.C. § 1983. By order dated July 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the fees. For the following reasons, the Court dismisses the complaint.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action concerns Plaintiff's ongoing criminal proceedings in Kings County Criminal Court, *see People v. Gu*, No. CR-001793-24-KN, in which Plaintiff is proceeding *pro se* with the assistance of a legal advisor, Lawrence Campbell, an attorney with a law firm in the Bronx, New York, whom Plaintiff has named as a defendant in this civil action. Plaintiff also names as defendants the Assistant District Attorney who is assigned to Plaintiff's criminal matter, Vincent James Didonato, III; and Judge Monique Holaman, a Kings County Criminal Court judge who presided over a May 16, 2024 hearing. Plaintiff claims that Judge Holaman, "a newly elected civil court judge, who has nearly no experience in criminal court but only in civil court . . . was

2

transferred to preside as a judge in Plaintiff's criminal court hearing under the authorization of [the] defendants." (ECF 1, at 4.)

In addition to the above-referenced individuals, Plaintiff also names the New York State Unified Court System ("UCS") and 12 USC-associated defendants, individuals he claims were involved personally in assigning Plaintiff's May 16, 2024 hearing to Judge Holaman's docket. These defendants include: (1) Chief Judge Rowan D. Wilson, (2) Chief Administrative Judge Joseph A. Zayas; (3) First Deputy Chief Administrative Judge Norman St. George; (4) Administrative Board members Roland T. Acosta, Alan D. Scheinkman, Elizabeth A. Garry, and Gerald J. Whalen; (5) Administrative Judge Carolyn Walker-Diallo of the Civil Court of the City of New York; (6) Administrative Judge Tamiko A. Amaker of the Criminal Court of the City of New York; (7) Supervising Judge Keshia Espinal of the Kings County Criminal Court; (8) acting Chief Clerk Antonio Diaz, of the Criminal Court of the City of New York; and (9) acting Chief Clerk Charles Blaha of the Kings County Criminal Court.

Plaintiff asserts that venue is proper in the Southern District of New York because several defendants are employed in New York County. He seeks money damages and disciplinary action against his legal advisor, Lawrence Campbell.

## DISCUSSION

### A.   New York State Unified Court System

The claims against the UCS must be dismissed because the Eleventh Amendment renders it immune from liability.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

3

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *see also Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

Here, Plaintiff's Section 1983 claims against the USC are barred by the Eleventh Amendment because the USC is an arm of the state. Accordingly, the Court dismisses the claims brought against this defendant because they seek relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.    Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions

4

that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing Judges Holaman, Wilson, Zayas, St. George, Walker-Diallo, and Espinal acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. The acts for which Plaintiff sues Judge Holaman are those that "aris[e] out of, or [are] related to, individual cases before [her]"; accordingly, Judge Holaman is immune from liability arising from those acts. *Bliven*, 579 F.3d at 210. Moreover, to the extent Judges Wilson, Zayas, St. George, Walker-Diallo, and Espinal – all USC executive judicial officers and administrative judges – were involved personally in the assignment of Plaintiff's hearing to Judge Holman, they too are immune from any liability. *See, e.g.*, *Peker v. Steglich*, 324 F. App'x 38, 40 (2d Cir. 2009) (citing *Rosenstein v. State*, 37 A.D.3d 208, 208–09, 829 N.Y.S.2d 93 (1st Dep't 2007) (concluding that alleged wrongdoing of administrative judges, court officers, and clerks in "transferring and rescheduling" landlord/tenant dispute was cloaked with judicial immunity)).

The Court therefore dismisses Plaintiff's claims against Judges Holaman, Wilson, Zayas, St. George, Walker-Diallo, and Espinal because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

### C.     Quasi-Judicial Immunity

Absolute judicial immunity has been extended to "some officials who are not judges but who perform functions closely associated with the judicial process." *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987) (citation and internal quotation marks omitted). Courts have held

that quasi-judicial immunity applies to other individuals when they are "performing discretionary acts of a judicial nature." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Court clerks, for example, are immune from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). In addition, court clerks "are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" *Garcia v. Hebert*, No. 08-CV-0095, 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (quoting *Humphrey v. Court Clerk for the Second Circuit*, No. 5:08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008)).

Plaintiff's claims against Diaz and Blaha arise out of alleged conduct that is judicial in nature. To the extent these defendants were involved personally in the assignment of Plaintiff's hearing to Judge Holaman, such conduct is judicial in nature and therefore protected by absolute immunity. The Court therefore dismisses Plaintiff's claims against these defendants because he seeks monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, the claims are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**D.      Private Party**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent

6

special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendant Campbell is a private party who is not alleged to work for any state or other government body, and his alleged involvement in Plaintiff's court case does not constitute state action. Accordingly, Plaintiff has not stated a claim against this defendant under Section 1983. The Court therefore dismisses the claims against Campbell for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## SUPPLEMNTAL JURISDICTION

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   January 2, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge